**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 20, 2017[*]
Decided September 21, 2017

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 17-1886 | |
| MICHAEL LENZ,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-C-977 |
| ROBERT W. BAIRD & CO., INC.,<br>    *Defendant-Appellee*. | C. N. Clevert, Jr.,<br>*Judge*. |

**O R D E R**

Michael Lenz sued the manager of his retirement account, Robert W. Baird & Co., Inc., for allegedly violating the Fourth and Fifth Amendments by complying with a demand from the Internal Revenue Service. The IRS's demand, called a "notice of levy,"

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

required Baird to pay Lenz's unpaid tax bill by withdrawing money from his retirement account. In the district court, Lenz claimed that Baird should not have honored the demand and that Baird violated a federal tax provision by paying taxes on this distribution from his account. The district court granted Baird's motion to dismiss the complaint for failure to state a claim upon which relief could be granted. Third party asset-holders like the defendant, the judge explained, are immune from liability for payments made to the IRS arising from a notice of levy. *See* 26 U.S.C. § 6332(e). Three weeks later Lenz moved for relief from the judgment. He contended that it was invalid because the district judge had senior status and therefore, according to Lenz, lacked authority to decide the case. *See* FED. R. CIV. P. 60(b)(3), (4). The judge denied Lenz's motion.

On appeal Lenz raises three principal arguments, all meritless. He first maintains that Baird may not raise its statutory immunity as an affirmative defense in a motion to dismiss. He is wrong. A court may dismiss a complaint "when the factual allegations in the complaint unambiguously establish all the elements of the defense." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Lenz pleaded himself out of court by alleging that Baird responded to the notice of levy by withdrawing money from his retirement account after the IRS demanded payment of delinquent taxes and giving the money to the IRS. A suit based on these allegations is blocked by 26 U.S.C. § 6332(e). This law states that

> [a]ny person in possession of . . . property . . . subject to levy upon which a levy has been made who, upon demand by the [IRS], surrenders such property. . . to the [IRS] . . . shall be discharged from any obligation or liability to the delinquent taxpayer . . . with respect to such property . . . arising from such surrender or payment. *Id.*

Lenz also urges that the district court erred by concluding that Baird could honor the levy without a court order. We disagree. The levy is a provisional remedy accommodating the government's need to collect taxes efficiently, and it did not "require any judicial intervention." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 720 (1985) (internal citation and quotation marks omitted).

Lenz finally contends that because of the district judge's senior status, he lacked authority to decide the case. The district judge correctly rejected this argument. In accordance with 28 U.S.C. § 294(b), he had authority to continue performing his judicial

duties during this case's proceedings and therefore lawfully continued to act under his judicial commission. *See Williams v. Decker*, 767 F.3d 734, 743 (8th Cir. 2014).

We have considered Lenz's other arguments, and none has merit.

AFFIRMED.